Joseph A. Mullaney, III, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA  19063
Tel 610-616-5303
Fax 610-672-1944
Eml JMullaney@ConsumerLitigators.com

Relief sought is less than $150,000.00; this matter is subject to arbitration pursuant to L. Civ. R. 201.1.(d)(1)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
(CAMDEN DIVISION)

| | |
|---|---|
| DIANE M. MCCARTHY, a citizen of the State of New Jersey,<br><br>    Plaintiff,<br><br>    v.<br><br>COLLECTCORP CORPORATION, a corporation of the State of Delaware,<br><br>    Defendant. | DOCKET NO.:<br><br>CIVIL ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

Consumer Diane McCarthy sues debt collector Collectcorp pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., because, *inter alia*, it continued to collect an alleged debt without providing requested verification and because it swiped a total of $500.00 from her bank account without authorization. The unauthorized withdrawal of $500.00 from Dianne McCarthy's bank account caused her, *inter alia*, to sustain overdraft fees and forced her to cut short a

vacation with her grandchildren to their great protest and disappointment. She now seeks her substantial damages.

## PARTIES

1. Plaintiff DIANE M. MCCARTHY, a citizen of the State of New Jersey ("Plaintiff"), is a citizen and resident of the State of New Jersey and resides in Gloucester County.

2. Defendant COLLECTCORP CORPORATION, a corporation of the State of Delaware (hereinafter "Collectcorp"), is an artificial person and regularly conducts business in the State of New Jersey and is principally located at 455 North Third Street, Suite 260, Phoenix, AZ  85004, and maintains a registered address of 820 Bear Tavern Road, West Trenton, NJ  08628.

## JURISDICTION AND VENUE

3. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

4. Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Personal jurisdiction is proper pursuant to *N.J. Ct. R.* 4:4-4. because the acts, omissions, and damages described herein arose in Gloucester County, New Jersey.

6. *Forum conveniens* and venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts, transactions, and occurrences complained of herein occurred in Gloucester County, New Jersey.

## FACTUAL ALLEGATIONS

7. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

8. On or about June 6, 2010, Defendant mailed to Plaintiff a dunning letter seeking payment of $13,715.31 for an alleged Bank of America account in default.

9. Said letter was received by Plaintiff on June 17, 2010.

10. On or about June 7, 2010, Defendant telephoned Plaintiff and advised her husband to cause Plaintiff to return Defendant's telephone call.

11. On or about June 8, 2010, Plaintiff returned Defendant's telephone call and questioned the alleged debt.

12. During said telephone conversation, Plaintiff stated that she did not want to be telephoned at home because it was inconvenient for her disabled husband to receive telephone calls meant for Plaintiff.

13. During said telephone conversation, Plaintiff stated that she was not to be called at her place of employment.

14. During said telephone conversation, Defendant advised Plaintiff that she had to pay the alleged debt that day.

15. During said telephone conversation, Defendant's demands for immediate payment overshadowed Plaintiff's right to otherwise dispute the alleged debt.

16. During said telephone conversation, Plaintiff negotiated a repayment plan with Defendant.

17. Said repayment plan consisted of five (5) monthly payments of $250.00 followed by a final payment of $5607.65 as settlement in full.

18. Said repayment plan was to begin on June 30, 2010.

19. During said telephone conversation, Defendant advised Plaintiff that she had to provide Defendant with direct access to her bank account to the exclusion of other forms of payment.

20. During said telephone conversation, Defendant advised Plaintiff that she could only avoid an immediate lawsuit by providing Defendant with direct access to her bank account.

21. During said telephone conversation, Plaintiff provided the information required to access her bank account so Defendant could withdraw said sums.

22. During said telephone conversation, Plaintiff provided the information required to access her bank account because she believed Collectcorp would imminently sue her if she did not.

23. On or about June 8, 2010, Defendant mailed to Plaintiff a dunning letter purporting to confirm said repayment plan.

24. On or about June 10, 2010, Plaintiff mailed to Defendant a letter revoking authority to access her bank account.

25. Said letter was received by Defendant on or about June 14, 2010.

26. Said letter was also faxed to the Defendant on or about June 10, 2010.

27. On or about June 17, 2010, Plaintiff mailed to Defendant a letter invoking her dispute and verification rights in response to the above June 6, 2010 dunning letter received on June 17, 2010.

28. Said letter enclosed a copy of Plaintiff's June 10, 2010 letter.

29. Said letter was received by Defendant on June 21, 2010.

30. Said letter was also faxed to Defendant on or about June 17, 2010.

31. On or about June 29, 2010, Defendant telephoned Plaintiff and spoke with her.

32. During said telephone conversation, Defendant wanted to confirm that Plaintiff had funds to make her first payment of $250.00 on June 30, 2010.

33. During said telephone conversation, Plaintiff advised Defendant that she had sent several documents revoking Defendant's authority to access her bank account.

34. During said telephone conversation, Defendant became very angry and threatened Plaintiff that she had until that evening to make a decision or there would be no settlement.

35. During said telephone conversation, Defendant's demands for immediate payment overshadowed Plaintiff's right to otherwise dispute the alleged debt.

36. During said telephone conversation, Defendant demanded payment of the alleged debt without verifying the alleged debt pursuant to Plaintiff's June 17, 2010 demand for verification.

37. On or about June 30, 2010, Defendant withdrew $250.00 from Plaintiff's bank account despite four (4) written and one (1) oral revocations of Defendant's authority to do so.

38. Said unauthorized withdrawal of funds from Plaintiff's bank account caused Plaintiff to sustain financial damages including the loss of $250.00.

39. Said unauthorized withdrawal of funds from Plaintiff's bank account caused it to be overdrawn and incur a $35.00 overdraft fee.

40. Said unauthorized withdrawal of funds from Plaintiff's bank account occurred without Defendant verifying the alleged debt.

41. On or about June 30, 2010, Plaintiff filed a complaint with the Federal Trade Commission about the Defendant's debt collection acts and omissions.

42. On or about July 2, 2010, Defendant mailed documents to Plaintiff purporting to verify the alleged debt.

43. On or about July 6, 2010, Defendant withdrew yet another $250.00 without authorization and well in advance of the next monthly payment.

44. Said second unauthorized withdrawal of funds from Plaintiff's bank account occurred after four (4) written and one (1) oral revocations of Defendant's authority to do so.

45. Said second unauthorized withdrawal of funds from Plaintiff's bank account caused Plaintiff to sustain financial damages including the loss of $250.00.

46. Said second unauthorized withdrawal of funds from Plaintiff's bank account caused it to be overdrawn and incur a $35.00 overdraft fee.

47. Said second unauthorized withdrawal of funds from Plaintiff's bank account occurred while Plaintiff was at the Jersey Shore (beaches) with her two (2) minor grandchildren for vacation purposes.

48. Said second unauthorized withdrawal of funds from Plaintiff's bank account caused Plaintiff to be forced to end early her vacation with her grandchildren to their great protest and great disappointment.

49. On or about July 7, 2010, Plaintiff was forced to close her back account to prevent Defendant's further unauthorized withdrawals.

50. Said closure of Plaintiff's bank account caused her to be financially inconvenienced.

51. On or about September 2, 2010, Defendant telephoned Plaintiff's residential telephone and recorded a voicemail that was played by Plaintiff's daughter to Plaintiff's embarrassment.

52. On or about September 3, 2010, Defendant telephoned Plaintiff's residential and cell phone numbers and recorded more voicemails.

53. On or about September 8, 2010, Defendant and Plaintiff spoke about the alleged debt and Plaintiff's intentions.

54. On or about September 22, 2010, Defendant and Plaintiff spoke about the alleged debt and Plaintiff's intentions.

55. On or about September 23, 2010, Plaintiff telephoned Defendant and advised that she would only deal with Bank of America.

56. During said telephone conversation, Defendant advised Plaintiff that the alleged debt would go to litigation.

57. On or about October 4, 2010, Plaintiff mailed a complaint letter to Bank of America complaining of Defendant's acts and omissions.

58. Plaintiff subsequently settled the alleged debt in full with another debt collector of Bank of America.

59. Neither Defendant nor Bank of America sued Plaintiff as Defendant stated would imminently occur.

60. As a direct and proximate result of the Defendant's improper debt collection acts and omissions, Plaintiff sustained damages as well as mental distress.

## COUNT ONE
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

61. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

62. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because the alleged debt arose from personal, family, and household goods and services.

63. Defendant alleged Plaintiff owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. § 1692a(5) by using the mail and telephone to dun her for the alleged debt.

64. Defendant is regularly engaged in the third-party collection of defaulted consumer debts as defined 15 U.S.C. § 1692a(2).

65. Defendant engaged in "communication" with the Plaintiff pertaining to the alleged debt as defined 15 U.S.C. § 1692a(2) by using the mails and telephone to dun her for the alleged debt.

66. Defendant is a "debt collector" as defined 15 U.S.C. § 1692a(6).

67. In connection with the collection of the alleged debt, Defendant used false, deceptive, and misleading representations and means by threatening to take and taking actions that could not legally be taken in violation of 15 U.S.C. § 1692e(5).

68. In connection with the collection of the alleged debt, Defendant used false, deceptive, and misleading representations and means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

69. Defendant used unfair and unconscionable means to collect or attempt to collect the alleged debt by withdrawing money from Plaintiff's bank account without authorization in violation of 15 U.S.C. § 1692f.

70. In connection with the collection of the alleged debt, Defendant continued collection efforts without mailing to the Plaintiff verification of the alleged debt in violation of 15 U.S.C. § 1692g(b).

71. In connection with the collection of the alleged debt, Defendant's collection efforts during the thirty-day period overshadowed and were inconsistent with the Plaintiff's rights in violation of 15 U.S.C. § 1692g(b).

72. As a direct and proximate result of the Defendant's violation of 15 U.S.C. § 1692, *et seq*., Plaintiff incurred pecuniary and nonpecuniary damages and frustration and anxiety.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendant for actual damages, statutory damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

**Plaintiff demands a trial by jury as to all counts.**

>                               BY:   s/Joseph A. Mullaney, III
>                                     Joseph A. Mullaney, III, Esq.
>                                     **CONSUMER LITIGATION GROUP**
>                                     Law Office of Dimitrios Kolovos, LLC
>                                     211 West State Street, Suite 204
>                                     Media, PA  19063
>                                     Tel 610-616-5303
>                                     Fax 610-672-1944
>                                     Eml JMullaney@ConsumerLitigators.com